

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Robert A. Alessi, Esq.*
*Direct Dial: (516) 470-0181*
*Email: ralessi@meltzerlippe.com*

February 26, 2026

**Filed Electronically Via ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Re:    *1932 McGraw Avenue, LLC, et al. v. John C. Lettera, et al.*,
> Civil Action No. 1:25-cv-10573: Defendants' Letter Motion
> Seeking Entry of the Parties' Stipulated Briefing Schedule in
> Connection With Defendants' Impending Motion To Dismiss
> the Amended Complaint and Defendants' Separate Request For
> Enlargement of the Word Limitation Governing the Parties'
> Memoranda of Law in Connection With Said Motion

Dear Judge Subramanian:

Pursuant to Your Honor's Individual Practices in Civil Cases, including Rules 3(A), 3(E), 8(A) and 8(M) thereof, we respectfully submit this letter motion (a) on behalf of the parties collectively to request that the Court So-Order the parties' Stipulation and Proposed Order annexed hereto as **Exhibit A**, which, subject to Your Honor's approval, sets an agreed-upon briefing schedule in connection with defendants' impending motion to dismiss the Amended Complaint (the "***Dismissal Motion***"), and (b) on behalf of only the defendants to request, in light of the substantial increase in the number of parties, claims and other allegations set forth in the Amended Complaint, the enlargement of the word limitation governing the parties' respective memoranda of law in connection with said Dismissal Motion.

⸻

On December 19, 2025, Plaintiffs filed two materially identical Complaints (jointly, the "***Original Complaints***"; individually, an "***Original Complaint***"), one in the above-captioned lawsuit (the "***Federal Court Lawsuit***"; ECF No. 1) and one in a lawsuit captioned *James McManus, et al. v. John C. Lettera, et al.*, Index No.: 826379/2025E (Sup. Ct. Bronx. Co. 2025) (the "***State Court Lawsuit***"; NYSCEF Doc. No. 1).

---

**Long Island    |    New York City    |    Boca Raton    |    Miami**

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Arun Subramanian
February 26, 2026
Page 2 of 3

On January 20, 2026, this Court issued an Order (ECF No. 19) granting defendants' January 20, 2026 letter motion (ECF No. 16) requesting an extension to February 18, 2026 of defendants' deadline by which to respond to the Original Complaint filed in the Federal Court Lawsuit, to which motion plaintiffs' counsel subsequently consented by letter dated January 20, 2026 (ECF No. 18).

On February 13, 2026, the parties executed and filed in the State Court Lawsuit a Stipulation staying said Lawsuit in its entirety pending final disposition of this Federal Court Lawsuit (NYSCEF Doc. No. 13).  On February 20, 2026, the parties submitted to the state court a proposed So-Ordered Stipulation memorializing said stay (NYSCEF Doc. No. 25).

On the afternoon of February 17, 2026 — as defendants were finalizing for filing on February 18, 2026 their papers in support of their motion to dismiss the Original Complaint in this Federal Court Lawsuit — plaintiffs, without advance notice to defendants, filed two materially identical Verified Amended Complaints (jointly, the "***Amended Complaints***"; individually, an "***Amended Complaint***"), one in the State Court Lawsuit (NYSCEF Doc. No. 14) and one in this Federal Court Lawsuit (ECF No. 24).  The Amended Complaint (a) increased the Original Complaint from approximately 5,000 words to approximately 8,000 words; (b) named four additional defendants, bringing to 14 the total number of defendants; (c) asserted four new labeled causes of action, some of which combined multiple separate claims, which increased to 18 the total number of alleged claims (including two RICO claims); and (d) added three exhibits consisting in the aggregate of more than 100 pages.

At the time defendants learned of plaintiffs' filing of the Amended Complaint in the Federal Court Lawsuit, defendants' almost-final memorandum of law in support of their motion to dismiss the Original Complaint (which itself purported to allege 13 total claims, including two RICO claims, condensed into 11 causes of action against 10 named defendants), had been pared, with much effort, to just under the 8,750 word limit set forth in Local Civil Rule 7.1(c).

### A.    The Parties' Joint Request For Entry of Their Agreed-To Proposed Briefing Schedule

As reflected in the Stipulation and Proposed Order annexed hereto as **Exhibit A**, the parties, subject to the Court's approval, have agreed to a briefing schedule in connection with defendants' impending Dismissal Motion. Pursuant thereto, the Dismissal Motion would be due on March 18, 2026 (which constitutes a two-week extension of defendants' current March 4, 2026 filing deadline).  We respectfully request that the Court So-Order said Stipulation.

4902-2051-5728, v. 3

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Arun Subramanian
February 26, 2026
Page 3 of 3

**B.    Defendants' Separate Request For Enlargement of
the Word Limitation Governing Memoranda of Law
in Connection With Their Dismissal Motion**

Defendants believe that each and every claim alleged in the Amended Complaint is fatally defective in several respects.  We also believe that there exist at least two fundamental threshold flaws that require dismissal with prejudice of the Amended Complaint even before the Court considers our arguments demonstrating the inherent defects in each of the asserted claims.  Defendants look forward to completing and filing their Dismissal Motion.

As noted, defendants' almost-final memorandum of law in support of their contemplated motion to dismiss the Original Complaint was just shy of the current 8,750-word limitation.  Defendants will now be forced to expend additional words to address the Amended Complaint's substantial number of new parties, new (albeit equally defective) claims, new exhibits and other new assertions.  Accordingly, defendants respectfully request that the word limitation set forth in Local Civil Rule 7.1(c) be enlarged to 11,000 words for defendants' moving brief, a reciprocal 11,000 words for plaintiffs' opposition brief and 4,500 words for defendants' reply brief.  Plaintiffs' counsel has not consented to this request, but has requested that, if said request is made and granted, the word-limitation enlargement be applied also to Plaintiffs' memorandum of law in opposition to the Dismissal Motion.

We do not believe that the relief requested herein will affect other deadlines in the case.  Defendants have not made any prior request for an extension of their deadline to respond to the Amended Complaint or for the enlargement of the word limitation in connection with defendants' impending Dismissal Motion.

We thank the Court for its attention to this request.

Respectfully submitted,

/s/ *Robert A. Alessi*
Robert A. Alessi

[Attachment]

cc:    Andrew C. Laufer, Esq. (via ECF)
       Matthew R. Ross, Esq. (via ECF)
       Preston S. Scherr, Esq. (via ECF)

4902-2051-5728, v. 3