# **EXHIBIT 5**

# Pat Longobucco, Esq.

44 CHURCH STREET
WHITE PLAINS, NEW YORK 10601
TEL: 914-761-6131
FAX: 914-219-0540
EMAIL: longo11@optonline.net

October 28, 2021

**REALFI REAL ESTATE INVESTMENT TRUST LLC**
707 Westchester Avenue, Suite 305A
White Plains, New York 10604

| | |
|---|---|
| Borrower: | **1932 MCGRAW AVENUE LLC,** a New York limited liability company with its place of business at 1932 McGraw Avenue, Bronx, New York 10462 |
| Lender: | **REALFI REAL ESTATE INVESTMENT TRUST LLC**, a Delaware limited liability company with its place of business at 707 Westchester Avenue, Suite 305A, White Plains, New York 10604 |
| Loan Amount: | $706,000.00 (Land Loan)<br>Up to $1,394,000.00 (Building Loan)<br>$200,000.00 (Subordinate Loan) |
| Date Closed: | October 28, 2021 |
| Premises: | 1932 McGraw Avenue, Bronx, New York 10462, Block 3931; Lot 18, in Bronx County, State of New York |

Dear Lender:

I have acted as counsel to **1932 MCGRAW AVENUE LLC**, a New York limited liability company with its place of business at 1932 McGraw Avenue, Bronx, New York 10462 (the "**Borrower**"), in connection with (i) a land loan in the original principal amount of Seven Hundred Six Thousand and 00/100 Dollars ($706,000.00)(the "**Land Loan**") from **REALFI REAL ESTATE INVESTMENT TRUST LLC**, a Delaware limited liability company with its place of business at 707 Westchester Avenue, Suite 305A, White Plains, New York 10604 (the "**Lender**"), which Land Loan is evidenced by a Consolidated Amended and Restated Note (the "**Land Note**") which is secured by a Consolidated, Amended and Restated Mortgage and Security Agreement (the "**Land Mortgage**") encumbering Borrower's fee estate in the premises consisting of 1932 McGraw Avenue, Bronx, New York 10462, Block 3931; Lot 18, in Bronx County, State of New

York (the "**Premises**"), (ii) a building loan in the original principal amount of up to One Million Three Hundred Ninety Four Thousand and 00/100 Dollars ($1,394,000.00)(the "**Building Loan**") from Lender, which Building Loan is evidenced by and a Building Loan Note (the "**Building Note**") which is secured by a Building Mortgage and Security Agreement (the "**Building Mortgage**") encumbering Borrower's fee estate in the Premises, and (iii) a subordinate loan in the original principal amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00)(the "**Subordinate Loan**", and collectively herein with the Land Loan and Building Loan, the "**Loan**"), which Subordinate Loan is evidenced by a Subordinate Promissory Note (the "**Subordinate Note**", and collectively herein with the Land Note and Building Note, the "**Note**") which is secured by a Subordinate Mortgage and Security Agreement (the "**Subordinate Mortgage**", and collectively herein with the Land Mortgage and Building Mortgage, the "**Mortgage**") encumbering Borrower's fee estate in the Premises.

In connection with such representation, I have reviewed all of the Loan Documents (as defined herein below), including without limitation, the Note and the Mortgage dated even herewith made by and between the Borrower and the Lender. All of the documents executed by Borrower in connection with the Loan, including but not limited to the Note and the Mortgage, shall be referred to in this letter as the "**Loan Documents**".

All capitalized terms not otherwise defined in this letter are defined in the Loan Documents and have the same meaning as in the Loan Documents.

I have examined fully executed duplicate originals (or copies certified or otherwise identified to my satisfaction) of the Loan Documents, certificates of Borrower, and other instruments and documents as I have deemed necessary or appropriate for the purposes of rendering this opinion. During my examination of the documents described in this paragraph, I have assumed the genuineness of all signatures, the authenticity of all documents submitted to me as originals, and the conformity to the original documents of all copies submitted to me. To the extent that the enforceability of the Mortgage is dependent upon recording, I have also assumed the Mortgage has been properly recorded and that all fees and taxes have been paid.

I have also examined certificates of public officials; corporate documents and records and other certificates and instruments. In addition, I have made other investigations as I have deemed necessary in connection with my opinions set forth in this letter.

This opinion is qualified as follows:

(a)     No opinion is expressed with respect to laws other than the laws of the City and State of New York and the federal laws of the United States.

(b)     Any opinion as to the legal, valid and binding status and enforceability of any of the Loan Documents with respect to any party is subject to the following exceptions, qualifications and limitations:

(A)     The effect of applicable bankruptcy, insolvency, reorganization, moratorium or other laws of general application relating to or affecting the enforcement of the rights of creditors or mortgagees, or any

other law now existing or hereafter enacted affecting creditors' rights generally.

(B)    Limitations based on general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law).

(C)    Limitations based on public policy limiting a borrower's right to waive the benefit of statutory or common law provisions.

Based on the foregoing, I am of the opinion that:

1.    The Borrower is duly organized and validly existing in good standing as a New York corporation in the State of New York.

2.    Borrower has made all filings, satisfied all publication requirements and has received all necessary franchises, certificates, licenses, permits and approvals required to enable it to enter into and perform all of its obligations under the Loan Documents. Borrower has not been notified that it is in default pursuant to the terms of any franchise, certificate, license, permit or approval required to carry on its business.

3.    The Borrower has the corporate power and authority to execute and deliver the Loan Documents, to perform all of its obligations under the terms of the Loan Documents, and to borrow funds under the Loan Documents and David DeLucia is a member of, and Authorized Signatory for, Borrower and authorized to execute all of the Loan Documents on behalf of Borrower and to bind Borrower thereby. The Borrower has taken all actions required to enable it to: (i) borrow funds on the terms and conditions set forth in the Loan Documents, (ii) execute and deliver the Loan Documents, and (iii) perform its obligations under the Loan Documents.

4.    The execution, delivery and performance of the Loan Documents have been duly authorized by all requisite corporate action and the Loan Documents executed by Borrower have been duly executed and delivered by the Borrower. There is no provision in the Borrower's Articles of Organization or Partnership Agreement requiring further consent or action for the execution and delivery of the Loan Documents. The execution and delivery of the Loan Documents and the performance by Borrower of its obligations under the Loan Documents will not violate any provision of its Operating Agreement (Partnership Agreement) nor any agreement to which (i) the Borrower is a party, nor (ii) any of the Borrower's property is subject.

5.    The Loan Documents are valid, binding and enforceable against Borrower, in accordance with their terms. The Security Agreement is sufficient to create in favor of Lender a valid security interest in the Debtor's right, title and interest in and to the collateral referred to therein (the "Collateral"). The security interest in all Collateral that may be perfected by the filing of Uniform Commercial Code Financing Statements in the State of New York will be duly perfected upon the filing of duly executed financing statements in the proper form, containing the requisite information and filed in the Recording Office.

6.       All necessary third-party consents in connection with the execution, delivery, performance, validity or enforceability of the Loan Documents have been obtained by the Borrower. In addition, based solely upon information supplied by Borrower and without independent verification, no consent, license, approval, or authorization, registration or declaration with any governmental authority, bureau or agency is required in connection with the execution, delivery, performance, validity or enforceability of the Loan Documents other than those third party consents which have been obtained by the Borrower.

7.       The execution and delivery of the Loan Documents and the performance of the obligations of the Borrower under the Loan Documents to our knowledge will not breach or violate or result in a default under any existing obligation of the Borrower under any ground lease, mortgage, lease, indenture, chattel mortgage, security agreement, contract, undertaking or other agreement to which the Borrower is a party or which is, or purports to be, binding upon the or the Borrower or any of its or their property or assets and will not result in the imposition or creation of any lien, charge, encumbrance or security interest in, its or their property or assets pursuant to the provisions of any such ground lease, mortgage, lease, indenture, security agreement, chattel mortgage, contract, undertaking or other agreement, except for the lien, charge, encumbrance or security interest created by the Loan Documents.

8.       The execution and delivery of the Loan Documents, and performance by the Borrower under the Loan Documents and the Guaranty will not violate any order or decree of any court, governmental authority, bureau, or agency.

9.       The execution and delivery of the Loan Documents, and performance by the Borrower under the Loan Documents and the Guaranty will not violate any provisions of existing statutory law, rule or regulation applicable to the Borrower.

10.      (a)      There are no actions, suits, or proceedings at law, in equity or before any governmental authority, pending against or affecting the Borrower, and/or the Premises, which would involve or in any way impair the validity or enforceability of the Loan Documents.

         (b)      The Borrower is not in default with respect to any order, writ, injunction, decree, or demand of any court, arbitration body, or any governmental authority which has not been disclosed to Lender.

11.      The Loan complies, in all material respects, with applicable State and Federal Laws, ordinances, rules regulations and other requirements pertaining to usury and state and local predatory lending statutes.

12.      Upon recordation of the Mortgage in the Bronx County Clerks Office the Lender shall be secured by a valid perfected lien against the Premises.

This opinion is furnished to you and your respective successors and assigns for use in connection with the transactions contemplated within the Loan Documents. This opinion and the information it contains are not to be distributed to or relied upon by any other party for any purpose whatsoever except the party to whom it is addressed, its participants, and its or their successors and/or assigns, as their interests may appear, without in each instance our prior written consent.

Very Truly Yours,

Pat Longobucco, Esq.