# **EXHIBIT 22**

<u>NOTICE OF DEFAULT AND RESERVATION OF RIGHTS</u>

February 5, 2024

<u>Via Overnight Courier</u>

1932 MCGRAW AVENUE LLC
1932 McGraw Avenue
Bronx, New York 10462

David Delucia
243 Manhattan Avenue
Yonkers, New York 11010

David Delucia
243 Manhattan Avenue
Tuckahoe, New York 10707

James McManus
214 Outlook Avenue
Sunrise Marina Estates, New York 10465

RandyLynn Rastello-McManus
214 Outlook Avenue
Sunrise Marina Estates, New York 10465

Re:   Those certain loans made by RealFi Real Estate Investment Trust LLC being now known as Fairbridge Real Estate Investment Trust LLC ("<u>Original Lender</u>") to 1932 MCGRAW AVENUE LLC, a New York limited liability company ("<u>Borrower</u>"), as follows: (i) in the principal sum of SEVEN HUNDRED SIX THOUSAND AND XX/100 DOLLARS ($706,000.00) dated as of October 28, 2021 (the "<u>Land Loan</u>"); (ii) in the principal sum of ONE MILLION THREE HUNDRED NINETY FOUR THOUSAND AND XX/100 DOLLARS ($1,394,000.00) dated as of October 28, 2021 (the "<u>Building Loan</u>"); (iii) in the principal sum of TWO HUNDRED THOUSAND AND XX/100 DOLLARS ($200,000.00) dated as of October 28, 2021 (the "<u>Subordinate Loan</u>"); and (iv) in the principal sum of FIVE HUNDRED THOUSAND AND XX/100 DOLLARS ($500,000.00) dated as of June 3, 2022 (the "<u>Air Rights Loan</u>") (each a "<u>Loan</u>", and collectively the "<u>Loan</u>"), as the Loan is now owned and held by Fairbridge Credit LLC, a Delaware limited liability company, having an address at 330 Post Road, Suite 230, Darien, Connecticut 06820 ("<u>Lender</u>") by assignment from Original Lender.

Ladies and Gentlemen:

Reference is made to the following documents evidencing and securing the Loan:

      i.   Consolidated, Amended and Restated Note, dated as of October 28, 2021, by Borrower for the benefit of Original Lender in the principal sum of $706,000.00 (as assigned to Lender) (the "<u>Land Loan Note</u>");

ii. Consolidated, Amended and Restated Mortgage and Security Agreement, dated as of October 28, 2021, by Borrower to Original Lender in the principal sum of $706,000.00 (as assigned to Lender) (the "Land Loan Mortgage");

iii. Conditional Guaranty, dated as of October 28, 2021, by David Delucia, an individual, James McManus, an individual, and RandyLynn Rastello-McManus, an individual (each a "Guarantor" and collectively the "Guarantor") in favor of Original Lender, in connection with the Land Loan and the Building Loan (as assigned to Lender) (the "Conditional Guaranty");

iv. Building Loan Agreement, dated as of October 28, 2021, by and between Borrower and Original Lender (as assigned to Lender) (the "Building Loan Agreement");

v. Building Loan Note, dated as of October 28, 2021, by Borrower or the benefit of Original Lender in the principal sum of up to $1,394,000.00 (as assigned to Lender) (the "Building Loan Note");

vi. Building Mortgage and Security Agreement, dated as of October 28, 2021, from Borrower to Original Lender in the principal sum of $1,394,000.00 (as assigned to Lender) (the "Building Loan Mortgage");

vii. Guaranty of Completion, dated as of October 28, 2021, by Guarantor in favor of Original Lender (as assigned to Lender) (the "Guaranty of Completion");

viii. Subordinate Promissory Note, dated as of October 28, 2021, by Borrower for the benefit of Original Lender in the principal sum of $200,000.00 (as assigned to Lender) (the "Subordinate Note");

ix. Subordinate Mortgage and Security Agreement, dated as of October 28, 2021, from Borrower to Original Lender in the principal sum of $200,000.00 (as assigned to Lender) (the "Subordinate Mortgage");

x. Conditional Guaranty, dated as of October 28, 2021, by Guarantor in favor of Original Lender in connection with the Subordinate Loan (as assigned to Lender) (the "Conditional Guaranty-Subordinate Loan");

xi. Secured Promissory Note, dated as of June 3, 2022, by Borrower for the benefit of Original Lender in the principal sum of $500,000.00 (as assigned to Lender) (the "Air Rights Note", and together with the Land Loan Note, the Building Loan Note, and the Subordinate Note, the "Note");

xii. Mortgage and Security Agreement, dated as of June 3, 2022, from Borrower to Original Lender in the principal sum of $500,000.00 (as assigned to Lender) (the "Air Rights Mortgage", and together with the Land Loan Mortgage, the Building Loan Mortgage, and the Subordinate Mortgage, the "Mortgage");

xiii. Conditional Guaranty, dated as of June 3, 2022, by Guarantor in favor of Original Lender in connection with the Air Rights Loan (as assigned to Lender) (the "Conditional Guaranty-Air Rights Loan", and together with the Conditional Guaranty, the Guaranty of Completion, and the Conditional Guaranty-Subordinate Loan, the "Guaranty");

xiv. Forbearance Agreement, made as of October 18, 2023, effective as of September 1, 2023, by and among Lender, Borrower, and Guarantor (the "Forbearance Agreement"); and

xv. The Loan Agreement, Note, Mortgage, Guaranty, Forbearance Agreement, and all of documents executed and delivered by Borrower to Original Lender and/or Lender in connection with the Loan are hereinafter collectively referred to as the "Loan Documents", as such Loan Documents are now owned and held by Lender.

You are hereby notified that Events of Defaults and Defaults have occurred and are continuing under the Loan Documents, including, without limitation, resulting from Borrower's failure to make any payment of principal or interest on the Note when due including Borrower's failure to pay the outstanding Loan principal, and any amounts due thereon, on December 1, 2023, the date on which the Forbearance Period

ended under the Forbearance Agreement. As a result, default interest has been accruing since the date of the foregoing Event of Default.

Notwithstanding anything to the contrary contained in this letter, Lender (a) reserves all of its rights under the Loan Documents, applicable law and otherwise, (b) is not otherwise by this letter (or due to the passage of time) providing a waiver of any Specified Event of Default, or any event, condition or circumstance that, with the giving of notice, the passage of time, or both, would be an Event of Default (a "Default") under the Loan Documents or any other right or remedy under the Loan Documents, applicable law or otherwise, and (c) may exercise any or all of its rights and remedies (whether arising by contract, operation of law or otherwise) against Borrower, any or any other Person who has provided a guaranty of or security for the Loan, including without limitation, Lender's rights and remedies pursuant to the Loan Documents including but not limited to accruing interest at the Default Rate (as defined in the Loan Documents) or accelerating the Loan. No forbearance, delay or inaction by Lender in the exercise of its rights and remedies, and no continuing performance by Lender or any Borrower under the Loan Documents (including, without limitation, any payments received and accepted by Lender): (a) shall constitute: (i) a modification or an alteration of the terms, conditions, or covenants of the Loan Documents or any related documents, instruments and agreements, all of which remain in full force and effect; or (ii) a waiver, release, or limitation upon Lender's exercise of any of its rights and remedies thereunder, all of which are hereby expressly reserved; or (b) release any Borrower in any way from any Borrower's duties, obligations, covenants, or agreements under the Loan Documents or from any consequences of a Specified Event of Default or a Default under the Loan Documents.

Please be reminded that for any agreement, amendment, waiver, consent, modification or other action to be binding on Lender, it must arise only from the handwritten execution of a formal written instrument signed by Lender and not by any other action or communication, verbal, written or otherwise (including this letter). This letter is not intended, nor shall it, establish any course of dealing between the Lender and the Borrower that is inconsistent with the express terms of the Loan Agreement or the provisions of any other Loan Documents. All provisions of the Loan Documents shall remain in full force and effect and be unaffected by this letter.

**Lender:**

**FAIRBRIDGE CREDIT LLC**

By: _____

Anthony C. Balbo
Authorized Signatory

cc:

**Via Overnight Courier:**
Pat Longobucco, Esq.
44 Church Street
White Plains, New York 10601