UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

JAMES MCMANUS ON BEHALF OF 1932
MCGRAW AVENUE, LLC, 47 POPLAR
OWNERS LLC, and JAMES MCMANUS,
Individually,

                          Plaintiffs,

            -against-

JOHN C. LETTERA, STEVE WISSAK, PAT
MARUGGI, BRIAN T. WALTER, ANTHONY
C. BALBO, FAIRBRIDGE MORTGAGE LLC
D/B/A FAIRBRIDGE CREDIT LLC,
FAIRBRIDGE ASSET MANAGEMENT LLC,
FAIRBRIDGE STRATEGIC CAPITAL LLC,
REALFI PRIVATE LENDING LLC, REALFI
CAPITAL FUNDING LLC, REALFI
NATIONAL LAND SERVICES LLC, REALFI
REAL ESTATE INVESTMENT TRUST LLC,
FB POPLAR LLC, and FB CHURCHILL
FACILITY LLC,

                          Defendants.

---------------------------------------------------------------- x

Case No. 1:25-cv-10573

Hon. Arun Subramanian

<br>

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING DISPOSITION <u>OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT</u>

<br>

                         MELTZER, LIPPE, GOLDSTEIN &
                           BREITSTONE, LLP
                         190 Willis Avenue
                         Mineola, New York 11501
                         Tel.: (516) 747-0300

                         *Attorneys for Defendants*

March 18, 2026

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES …………………………………………... ii

PRELIMINARY STATEMENT …………………………………….. 1

RELEVANT PROCEDURAL BACKGROUND ……………………… 2

ARGUMENT …………………………………………………... 4

GOOD CAUSE EXISTS FOR THE ENTRY OF A STAY OF DISCOVERY
PENDING DISPOSITION OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT …………………………………… 4

    A.  The Dismissal Motion Demonstrates That Each of the Claims Alleged
        in the Amended Complaint Fails as a Matter of Law ………………… 4

    B.  Absent a Stay of Discovery, Defendants Would Be Unfairly Plunged
        Into Extensive and Expensive Discovery Before the Court Has Had
        an Opportunity To Determine Whether Defendants Are Correct in
        Asserting That McManus's Claims Fail as a Matter of Law …………. 7

    C.  A Stay of Discovery Will Not Prejudice McManus ………………….. 8

CONCLUSION ………………………………………………… 8

WORD-COUNT CERTIFICATION …………………………………… Appendix A

i

## TABLE OF AUTHORITIES

**Cases**            **Page**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) …………………………………………………….. 1, 6

*BAE Syst. Inform. and Elec. Syst. Integ. Inc., v. L3 Harris Cinc.*
  *Elec. Corp.*, 2023 WL 4187489, at *1 (S.D.N.Y. 2023) ................................. 4

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) …………………………………………………….. 1, 6

*Boelter v. Hearst Commc'ns, Inc.*,
  2016 WL 361554 (S.D.N.Y. 2016) …………………………………………... 5

*Configure Partners LLC v. RACHI Holdings LLC,*
  2023 WL 2811135 (S.D.N.Y. 2023) …………………………………………. 7-8

*Ema Fin., LLC v. Vystar Corp.*,
  336 F.R.D. 75 (S.D.N.Y. 2020) ……………………………………………… 4

*Ferrara v. Metropolitan Transportation Authority*,
  2025 WL 1653862 (S.D.N.Y. 2025) …………………………………………. 6

*Fiordirosa v. Publishers Clearing House, Inc.*,
  2022 WL 3912991 (E.D.N.Y. 2022) …………………………………………. 8

*Gastineau v. ESPN Inc.*,
  2025 WL 2733155 (S.D.N.Y. 2025) …………………………………………. 4

*HAHA Global, Inc., v. Barclays*,
  2020 WL 832341 (S.D.N.Y. 2020) ………………………………………….. 5

*Lu v. Cheer Holding, Inc.*,
  2024 WL 1718821 (S.D.N.Y. 2024) …………………………………………. 8

*Renois v. WVMF Funding, LLC*,
  2021 WL 1721818 (S.D.N.Y. 2021) …………………………………………. 5

*Rivera v. Heyman*,
  1997 WL 86394 (S.D.N.Y. 1997) …………………………………………… 6-7, 8

*Salese v. JP Morgan Chase & Co.*,
  2023 WL 5047890 (E.D.N.Y. 2023) …………………………………………. 7

4930-7986-6264, v. 2

**Page**

*Shinnecock Indian Tribe v. Hochul*,
2026 WL 279849, at *5 (E.D.N.Y. 2026) …………………………………… 8

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
206 F.R.D. 367 (S.D.N.Y. 2002) ………………………………………... 6, 7

*S.R.J.F., Inc. v. Dairy Farmers of Am., Inc.*,
2023 WL 6246481 (D. Vt. 2023) …………………………………… 5

*Vargas v. Credit Control, LLC*,
2025 WL 3538072 (S.D.N.Y. 2025) …………………………………. 6

**Statutes**

RICO Act, 18 U.S.C. § 1961 …………………………………….. 5

RICO Act, 18 U.S.C. § 1962 …………………………………….. 5

**Rules**

Fed. R. Civ. P. 8 …………………………………………….. 1, 5

Fed. R. Civ. P. 9(b) ………………………………………….. 1, 5

Fed. R. Civ. P. 10(c) ………………………………………… 5

Fed. R. Civ. P. 12(f) ………………………………………… 4

Fed. R. Civ. P 26(a)(1) ……………………………………... 3

Fed. R. Civ. P. 26(c) …………………………………………… *passim*

Fed. R. Civ. P. 26(f) …………………………………………… 2, 3

Fed. R. Evid. 201 ……………………………………………. 5

iii

Defendants Fairbridge Credit LLC ("*Fairbridge*"); Fairbridge Mortgage LLC; Fairbridge Asset Management LLC; Fairbridge Strategic Capital LLC; Realfi Private Lending LLC; Realfi Capital Funding LLC; Realfi National Land Services LLC; Realfi Real Estate Investment Trust LLC; FB Poplar LLC; and FB Churchill Facility LLC (collectively, the "*Fairbridge Entities*"); and John C. Lettera; Steven Wissak; Brian T. Walter; Anthony C. Balbo; and Patrick Maruggi (collectively, the "*Individual Defendants*") respectfully submit this Memorandum of Law, as well as the accompanying Affidavit of Robert A. Alessi, sworn to March 17, 2026 (the "*Alessi Affidavit*" or the "*Alessi Aff't*"), for an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "*Rules*" or a "*Rule*") staying all discovery pending disposition of Defendants' motion to dismiss the Amended Complaint filed by plaintiff James McManus ("*McManus*"), in his individual capacity and in his purported derivative capacity on behalf of 1932 McGraw Avenue, LLC and Poplar Owners LLC, which motion is being filed separately on this date (the "*Dismissal Motion*").

The Fairbridge Entities and the Individual Defendants are referred to collectively hereinafter as the "*Defendants*."

## PRELIMINARY STATEMENT

Defendants' Dismissal Motion, which is being filed separately on this date, demonstrates that the Amended Complaint is fatally defective as a matter of law and should be dismissed with prejudice. The several fatal defects include, but are not limited to, lack of standing; release and waiver; reliance upon conclusory, implausible fact assertions in lieu of the well-pled, particularized factual allegations required under *Twombly, Iqbal* and Rules 8 and 9(b); ignoring and concealing from the Court the key contracts and other documents that are so

1

integral to and which thoroughly undermine the claims attempted to be pled in the Amended

Complaint; and utterly failing to adequately plead the elements of each of the purported claims,

which include two baseless RICO claims.

Until this Court determines whether McManus has pled a single viable claim

(Defendants respectfully submit that he has not), Defendants should not be burdened by what

even McManus's counsel has acknowledged is likely to be extensive, expensive party and non-

party discovery.  *See, e.g.,* Alessi Aff't ¶ 5 & Ex. A (Defendants' February 27, 2026 Rule 26(a)(1)

Initial Disclosures) at § 1 (listing 36 currently known party and non-party witnesses from whom

discovery will likely be sought).

## RELEVANT PROCEDURAL BACKGROUND

On December 19, 2025, Plaintiffs filed two materially identical Complaints

(jointly, the "***Original Complaints***"; individually, an "***Original Complaint***"), one in this Court

(the "***Federal Lawsuit***"; ECF No. 1) and another in Bronx County Supreme Court in a lawsuit

captioned *James McManus, et al. v. John C. Lettera, et al.*, Index No. 826379/2025E (Sup. Ct.

Bronx. Co. 2025) (the "***State Court Lawsuit***"; NYSCEF Doc. No. 1).

On January 20, 2026, this Court issued an Order granting Defendants' letter

motion seeking permission to extend to February 18, 2026 the deadline by which Defendants

were to respond to the Original Complaint filed in the Federal Lawsuit.  *See* ECF No. 19.

On the afternoon of February 13, 2026, the parties' counsel held a telephonic Rule

26(f) conference (the "***Rule 26(f) Conference***").  *See* Alessi Aff't ¶ 3.  During that Conference,

Defendants' counsel advised McManus's counsel that Defendants believed that no discovery

2

should occur in this lawsuit until the Court decided Defendants' then impending motion to dismiss the Original Complaint. *See id.* ¶ 4. Although McManus's counsel declined to stipulate to a stay of discovery pending disposition of Defendants' motion to dismiss the operative Complaint, he readily agreed that discovery in this lawsuit will be a lengthy, expensive undertaking. *See id.* ¶ 5.

During the February 13, 2026 Rule 26(f) Conference, Defendants' counsel also advised McManus's counsel that, in light of the fact that he declined to stipulate to the requested stay of discovery pending disposition of Defendants' motion to dismiss, Defendants intended to petition the Court for such relief. *See* Alessi Aff't ¶¶ 6-7.

On February 17, 2026 — on the eve of Defendants' February 18, 2026 deadline for filing their intended motion to dismiss the Original Complaint in this lawsuit — McManus filed materially identical Amended Complaints in this Federal Lawsuit (ECF No. 26) and the State Court Lawsuit (NYSCEF Doc. No. 14).

On February 27, 2026, Defendants served upon McManus's counsel Defendants' Initial Disclosures pursuant to Rule 26(a)(1). *See* Alessi Aff't, Ex. A. (To date, McManus has not served his Initial Disclosures. *See id.* ¶ 9.)

By Order dated March 2, 2026, this Court extended from March 4, 2026 to March 18, 2026 the deadline by which Defendants are to respond to the Amended Complaint in this Federal Lawsuit. *See* ECF No. 35.

On this date, March 18, 2026, Defendants are filing (a) their Dismissal Motion and supporting papers; (b) this stay motion and supporting papers; and (c) their motion and

3

supporting papers under Rule 12(f) to strike impertinent, scandalous and immaterial assertions from the Amended Complaint.

**ARGUMENT**

**GOOD CAUSE EXISTS FOR THE ENTRY OF A STAY
OF DISCOVERY PENDING DISPOSITION OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

Rule 26(c) of the Federal Rules of Civil Procedure imbues the Court with "considerable discretion" to stay discovery "for good cause shown." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). Three factors determine whether staying discovery is appropriate pending disposition of a motion to dismiss: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Gastineau v. ESPN Inc.*, 2025 WL 2733155, at *1 (S.D.N.Y. 2025). *See also BAE Systems Information and Elec. Sys. Integration Inc., v. L3 Harris Cincinnati Elec. Corp.*, 2023 WL 4187489, at *1 (S.D.N.Y. 2023) (same). All three of these factors favor a stay here.

**A.      The Dismissal Motion Demonstrates That Each of the Claims
Alleged in the Amended Complaint Fails as a Matter of Law**

Defendants respectfully submit that the detailed Memorandum of Law and related March 16, 2026 Affidavit of John C. Lettera (including the exhibits annexed thereto) that are being filed on this date in support of Defendants' Dismissal Motion demonstrate that each and every cause of action alleged in the Amended Complaint fails as a matter of law and therefore the entire pleading should be dismissed with prejudice.

4

As addressed in the Dismissal Motion, the Amended Complaint should be dismissed with prejudice pursuant to Rules 8, 9(b), 10(c) and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 201 of the Federal Rules of Evidence because, among other defects:

(a) Plaintiff McManus lacks standing to assert claims derivatively on behalf of 1932 McGraw Avenue, LLC ("**McGraw**") and/or 47 Poplar Owners LLC ("**Poplar**"), and Poplar lacks capacity to assert direct claims. *See Renois v. WVMF Funding, LLC*, 2021 WL 1721818, at *1 (S.D.N.Y. 2021) (a stay of discovery is warranted where a colorable motion to dismiss will raise threshold issues, including those implicating the plaintiff's standing "to bring suit, either on h[is] own behalf or on behalf of" another); *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. 2016) (discovery stayed where a motion to dismiss raised lack of standing).

(b) Even if there were no threshold standing defect, the claims asserted in the Amended Complaint by McManus individually and derivatively on behalf of Poplar (or otherwise) must be dismissed because they were previously released in writing by McManus, McGraw and Poplar. *See S.R.J.F., Inc. v. Dairy Farmers of Am., Inc.*, 2023 WL 6246481, at *1 (D. Vt. 2023) ("[t]he court granted a stay of discovery on November 14, 2022, reasoning that if SRJF's claims are based on released conduct, the court should not allow discovery regarding that conduct").

(c) Beyond these threshold issues, the Amended Complaint, which consists of sweepingly general conclusory allegations supported only by a string of *ad hominem* adjectives and adverbs, fails miserably — on multiple grounds — in its misguided attempt to bootstrap into a civil RICO claim the exercise by Fairbridge of its express contractual right to foreclose on McGraw's membership interests in response to its continued default under a set of garden-variety construction-related commercial loans. The underlying RICO § 1962(c) claim fails to plead any of the required elements, including RICO standing, causation, a viable RICO enterprise, predicate acts and a pattern of racketeering activity. The failure to plead any one of these elements dooms the RICO claims.

(d) Each of the common law and statutory law claims fails to plead several of the required elements. Moreover, certain of the statutes make clear on their face that no private cause of action exists. *See HAHA Global, Inc., v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. 2020) ("[T]he Court finds that a stay is appropriate in this case. First, the Court finds that Defendants have raised viable grounds for dismissing the Amended Complaint, including that it fails to meet even the minimal pleading standards of [Rule] 8, alleges various criminal violations that Plaintiff lacks standing to pursue and otherwise fails to state a claim upon which relief can be granted.").

5

(e)    None of plaintiffs' claims comes close to complying with the *Twombly/Iqbal* plausibility pleading standard or the particularity requirements of Rule 9(b).

(f)    Additionally, all of the claims violate Rule 8 because, among other reasons, they are alleged against the defendants as a collective group, without alleging the conduct engaged in by each defendant separately.

Because the Dismissal Motion advances highly meritorious arguments in favor of dismissing the Amended Complaint in its entirety, there is good cause to stay discovery. *See Ferrara v. Metropolitan Transportation Authority*, 2025 WL 1653862, at *1 (S.D.N.Y. 2025) ("The strength of the underlying motion to dismiss also counsels in favor of granting a stay [of discovery]. . . . Defendants' memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the amended complaint. Those arguments are supported by case law from this Circuit, and so I cannot conclude that Defendants' motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay."); *Vargas v. Credit Control, LLC*, 2025 WL 3538072, at *1 (S.D.N.Y. 2025) (a motion to dismiss that "raises well-founded issues that may be dispositive of the entire action . . . . weighs in favor of granting a stay of discovery"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("This court cannot attempt to predict the outcome of the motion to dismiss, particularly because it has not yet viewed plaintiffs' opposition papers. However, based on the papers submitted and upon oral argument from counsel, the Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. 1997) ("[I]t is enough to note that defendants appear at this stage to have a substantial argument for dismissal.  Given that

6

4930-7986-6264, v. 2

disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

    **B.**      **Absent a Stay of Discovery, Defendants Would Be Unfairly Plunged Into Extensive and Expensive Discovery Before the Court Has Had an Opportunity To Determine Whether Defendants Are Correct in <u>Asserting That McManus's Claims Fail as a Matter of Law</u>**

Given the 18 or so parties named in the Amended Complaint (15 defendants and three purported plaintiffs); the 18 or so alleged claims (compressed into 15 labeled causes of action); the implausible nature of the allegations set forth in the Amended Complaint; and the significant number of third parties whom the Amended Complaint sweeps recklessly into its disjoined, conclusory assertions, Defendants will be unduly burdened by proceeding to discovery before the Court has an opportunity to decide whether Defendants are in fact correct in asserting that each of the claims alleged in the Amended Complaint fails as a matter of law. *See Spencer Trask Software*, 206 F.R.D. at 368 ("Although plaintiffs contend that the breadth of discovery sought is not outrageously broad, nor is the burden substantial, the Court finds otherwise and believes that the expense and possible injury to the success of defendants' current contractual negotiations are great. . . . Therefore, at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."); *Salese v. JP Morgan Chase & Co.*, 2023 WL 5047890, at *2 (E.D.N.Y. 2023) ("[T]he second factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted. Here, Defendant's motion to dismiss seeks dismissal of the entire complaint on multiple grounds, and if granted, any discovery conducted in the interim would have been without purpose."); *Configure Partners LLC*

7

*v. RACHI Holdings LLC*, 2023 WL 2811135, at *1 (S.D.N.Y. 2023) ("discovery [here] would reach such wide-breadth that good cause for a stay exists") (internal citation omitted).

## C.      A Stay of Discovery Will Not Prejudice McManus

Staying discovery pending disposition of the Dismissal Motion will not prejudice McManus. *See generally Lu v. Cheer Holding, Inc.*, 2024 WL 1718821, at *4 (S.D.N.Y. 2024) (Plaintiff "could not meaningfully articulate any prejudice" from entry of a stay of discovery pending a decision on a motion to dismiss the Complaint); *Rivera*, 1997 WL 86394, at *1 ("[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"); *Shinnecock Indian Tribe v. Hochul*, 2026 WL 279849, at *5 (E.D.N.Y. 2026) ("There exists little to no prejudice if a stay is granted.  The case is still in its nascent stages as an Initial Conference has not been held and a discovery schedule has not been implemented."); *Fiordirosa v. Publishers Clearing House, Inc.*, 2022 WL 3912991, at *3 (E.D.N.Y. 2022) (staying discovery and noting that "any prejudice to Plaintiffs would be short-lived in that once the Court rules on [Defendant's] motion to dismiss, discovery will either move forward, or will no longer be necessary as the ruling on the motion may reduce, if not eliminate, Plaintiffs' claims").

## CONCLUSION

For all the reasons set forth above, in the accompanying Alessi Affidavit and in the papers being filed this date by Defendants in support of their Dismissal Motion, Defendants respectfully request that the Court stay all discovery pending its disposition of said Dismissal Motion.

8

**Dated: Mineola, New York**
      **March 18, 2026**

                               **MELTZER, LIPPE, GOLDSTEIN &**
                                   **BREITSTONE, LLP**

                               **By:** /s/ *Robert A. Alessi*
                                     **Robert A. Alessi (*ralessi@meltzerlippe.com*)**
                                   **Matthew R. Ross (*mross@meltzerlippe.com*)**
                                   **Preston S. Scherr (*pscherr@meltzerlippe.com*)**
                               **190 Willis Avenue**
                               **Mineola, New York 11501**
                               **Tel.: (516) 747-0300**

                               ***Attorneys for Defendants***

9

4930-7986-6264, v. 2

**<u>APPENDIX A</u>**

**<u>WORD-COUNT CERTIFICATION</u>**
**<u>PURSUANT TO LOCAL CIVIL RULE 7.1(c)</u>**

In reliance upon the word-count feature of the word-processing system on which

*Defendants' Memorandum of Law in Support of Their Motion To Stay Discovery Pending*

*Disposition of Their Motion To Dismiss the Amended Complaint* (the **"*Brief*")** was prepared, the

undersigned hereby certifies that the Brief contains 2,448 words, excluding (a) the case caption

page, (b) the Table of Contents, (c) the Table of Authorities, (d) the dated signature block on the

final page of the Brief and (e) this Word-Count Certification.

*/s/ Matthew R. Ross*
**Matthew R. Ross**

4930-7986-6264, v. 2