# Law Office of Andrew C. Laufer, PLLC

**264 West 40th Street, Suite 604**
**New York, NY 10018**
**(212) 422-1020 – Phone**
**(212) 422-1069 – Facsimile**
**www.lauferlawgroup.com**

March 19, 2026

Filed Electronically via ECF

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re: 1932 McGraw Avenue, LLC, et al. v. John C. Lettera, et al.
      Civil Action No. 1:25-cv-10573

Dear Judge Subramanian:

We represent Plaintiffs in the above-referenced matter. Plaintiffs respectfully request leave of the Court to submit a narrowly tailored ex parte letter concerning newly discovered evidence that may significantly and materially impact Plaintiffs' claims and the posture of this case.

While ex parte submissions are generally disfavored, the Second Circuit has recognized that they may be appropriate in limited circumstances upon a showing of necessity or compelling justification. *See United States v. Abuhamra*, 389 F.3d 309, 324 (2d Cir. 2004) (acknowledging that ex parte submissions may be permissible where justified by countervailing interests and appropriate safeguards are considered). Courts must balance the need for adversarial proceedings against circumstances where disclosure could undermine legitimate interests, including the protection of sensitive information.

Additionally, although there is a strong presumption of public access to judicial documents, that presumption is not absolute and may be overcome by higher values requiring confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Second Circuit has further emphasized that courts may limit disclosure where necessary to preserve compelling interests, provided any restriction is narrowly tailored. *See id.*; *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

Here, the newly discovered evidence is of a sensitive nature which may reasonably impact the public and those who are similarly situated to the plaintiff, such that premature disclosure could result in prejudice and potentially compromise the information itself. Plaintiffs therefore submit that limited ex parte treatment is warranted in this limited instance, subject to any procedures the Court deems appropriate to balance fairness and confidentiality.

This request is narrowly confined. Plaintiffs stand ready to provide Defendants with an appropriate version of any submission, consistent with the Court's direction, including redactions or other safeguards.

Under these circumstances, Plaintiffs respectfully submit that there is good cause for permitting an ex parte submission for the limited purpose described above.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Andrew Laufer

Andrew Laufer, Esq.

cc: Robert A. Alessi, Esq. (via ECF and email)