# Law Office of Andrew C. Laufer, PLLC

**264 West 40th Street, Suite 604**
**New York, NY 10018**
**(212) 422-1020 – Phone**
**(212) 422-1069 – Facsimile**
**www.lauferlawgroup.com**

DENIED without prejudice to raise this again if it becomes relevant once the Court decides the pending motion to dismiss.

March 24, 2026

Filed Electronically via ECF

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 56.

SO ORDERED.

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Arun Subramanian, U.S.D.J.
Date: April 13, 2026

Re: 1932 McGraw Avenue, LLC, et al. v. John C. Lettera, et al.
Civil Action No. 1:25-cv-10573

Dear Judge Subramanian:

We represent Plaintiffs in the above-referenced matter. Plaintiffs respectfully request leave of the Court to interview employees of the defendant who have contacted our office upon their own volition and without any solicitation from Plaintiffs, Plaintiffs' counsel or any third-party affiliated with Plaintiffs. This application relates to Plaintiffs prior application of March 19, 2026. (See Dkt. 53 & 54).

We have received unsolicited information which alleges to substantiate at least some of the claims Plaintiff has brought against the Defendants. We respectfully request leave of the Court to interview individual(s) without disclosing their identity or information garnered to Defendants. To date, we have not responded to any of the subject communications.

In general, "...ex parte interviews also known as the "no contact rule" (prohibits) an attorney from communicating with a party who is represented by counsel." See 54 NYLS L. Rev. 261. Also see Niesig v. Team I, 76 NYS 2d 363(1990). See also New York Professional Code of Conduct Rule 4.2. We have not responded to any of the inquiries as to not risk running afoul of NYPCC Rule 4.2.

At least one of the individuals who have contacted our office is still employed by Defendants. It is unclear what position they may currently hold or if any of their communications would bind their employer.

One of these inquires specifically states that an individual has information which demonstrates harm committed by Defendants to both "...clients and investors..." of Fairbridge.

This communication appears to touch upon a matter of public concern and should be afforded First Amendment protection thereby allowing Plaintiffs' counsel direct inquiry of this witness regardless of employment status with Defendant Fairbridge.

"Although "not all speech is of equal First Amendment importance," Dun & Bradstreet v. Greenmoss Builders, 472 U.S. 749, 758, 105 S. Ct. 2939, 2944 (1985), "speech on matters of public concern . . . is at the heart of the First Amendment's protection." Snyder v. Phelps, 562 U.S. 443, 451-52, 131 S. Ct. 1207, 1215 (2011) (internal quotation marks & citations omitted) (quoting Dun, 472 U.S. 749, 758-759, 105 S. Ct. 2939 (1985)); see Ragbir v. Homan, No. 18-1597, 2019 U.S. App. LEXIS 12348, at *30 (2d Cir. Apr. 25, 2019) (speech on matters of public concern "implicates the apex of protection under the First Amendment"). "Speech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public[.]" Snyder, 562 U.S. at 453 (citations & internal quotation marks omitted)."  See Da Silva v. NYCTA, 17-cv-04550-FB-VMS (EDNY).

"Thus, it follows that Mr. Roth's inquiry of, and/or complaint to, Mr. Byford in regard to matters of broad public policy – and not on behalf of Ms. Da Silva – was within the protective ambit of communications authorized by the First Amendment."

Therefore, any communication between the aforementioned individuals and Plaintiffs' counsel should also be afforded First Amendment protection since the alleged conduct of Defendants seemingly impacts numerous other parties. See Da Silva, id.

This request is narrowly confined. Plaintiffs stand ready to provide the Court with communications it has received consistent with the Court's direction, including redactions or other safeguards.

Under these circumstances, Plaintiffs respectfully submit that there is good cause for permitting ex parte interview(s) of either current or former employees of the defendants who have made unsolicited communication with our office for the limited purpose described above.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Andrew Laufer

Andrew Laufer, Esq.

cc: Robert A. Alessi, Esq. (via ECF and email)