UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES McMANUS on behalf of 1932 McGRAW AVENUE, LLC, 47 POPLAR OWNERS LLC and JAMES McMANUS, individually,

Plaintiffs,

-against-

JOHN C. LETTERA et al.,

Defendants.

25-CV-10573 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

In a sprawling complaint, James McManus—purportedly suing on his own behalf and on behalf of two LLCs—sues 14 different defendants (9 entities and 5 individuals) who were involved in providing him with commercial loans for real estate development projects. Dkt. 28, Amended Complaint ("AC"). The theme of the complaint is that defendants "lull[ed] [McManus] into a false sense of security with representations and promises that would never manifest, while simultaneously structuring technical defaults of multi-million dollar commercial loans in order to unlawfully seize property and assets." AC ¶ 24. McManus brings 15 different claims against "defendants" (never specifying which ones), ranging from RICO conspiracy, to common law fraud, to intentional infliction of emotional distress, to commercially unreasonable UCC foreclosure. Several of McManus's claims appear to be based on criminal statutes for which no private right of action exists. *See, e.g.*, AC ¶¶ 126–143 (alleging a violation of Section 460.20 of the New York State Enterprise Corruption Penal Law); *id.* ¶¶ 187–93 (alleging money laundering in violation of 18 U.S.C. § 1956).

In their motion to dismiss, defendants make two global arguments: (1) McManus lacks statutory standing to sue on behalf of the LLCs, Dkt. 62 at 14–16, and (2) McManus released all his claims against defendants in a signed agreement, *id.* at 16–18. Defendants also make specific arguments addressing each of McManus's 15 claims. *Id.* at 19–39. In response, McManus spends most of his time raising unrelated grievances regarding defendants' litigation conduct. Dkt. 66 at 4–9, 14–16. He then responds briefly to defendants' two global arguments, *id.* at 9–12, before chalking up the rest of defendants' arguments to "merits-based challenges" that "are premature at the Rule 12 stage when they rest on disputed facts." *Id.* at 16. Besides that, McManus does not engage with defendants' specific arguments *at all*—even though many of them are clearly appropriate for the pleading stage. *E.g.*, Dkt. 62 at 26, 31–32 (arguing that McManus's claims under 18 U.S.C. § 1956 and N.Y.S. Enterprise Corruption Penal Law § 460.20 fail because those

criminal statutes offer no private right of action); *id.* at 32–33 (arguing that McManus's claim under New York General Business Law § 349 fails because he does not allege consumer-oriented conduct); *id.* at 26–27, 30–31 (arguing that McManus's common law fraud claims fail because the complaint does not satisfy Rule 9(b)'s heightened pleading standard); *id.* at 32 (arguing that McManus's claims under Sections 273–76 of the New York Debtor and Creditor Law fail because those provisions only protect creditors, not debtors).

Because McManus fails to respond to *any* of the arguments raised by defendants for why his specific claims fail, the Court GRANTS defendants' motion to dismiss in full. *Ndemenoh v. Boudreau*, No. 20-CV-4492 (RA), 2023 WL 6122852, at *5 (S.D.N.Y. Sept. 19, 2023) (explaining that "the standard for finding abandonment of claims is failure to meaningfully respond to arguments raised by a motion to dismiss"); *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 46 n.1 (2d Cir. 2018) (affirming dismissal of claims "on the ground that they were 'abandoned' by [the plaintiff] when she failed to oppose them in her opposition to [the defendant's] motion to dismiss"). However, the Court will grant leave to amend to give McManus one more shot to plead a viable claim. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (explaining that Rule 15's "permissive standard" is consistent with the Second Circuit's "strong preference for resolving disputes on the merits" (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011))).

If McManus does choose to file an amended complaint, the Court encourages McManus to significantly narrow the scope of his pleading. McManus should only plead claims (and only plead them against specific defendants) to the extent he can defend those claims against the arguments he knows defendants will raise in their motion to dismiss. McManus cannot simply incant that there are "factual issues" and expect to dodge legitimate arguments like the ones defendants raise here. McManus should also consider whether additional pleadings could strengthen his responses to defendants' two global arguments, which he knows are coming.

Finally, defendants move to strike certain "scandalous and immaterial" assertions from McManus's complaint. Dkt. 46. Because the Court grants defendants' motion to dismiss, the motion to strike is DENIED as moot. *See Druckman v. Morgenstern*, 2026 WL 3082937, at *23 (denying a motion to strike as moot because "[w]ith or without the challenged allegations, the Complaint fails to state a claim"). But the Court agrees with defendants that the rhetoric in the Amended Complaint is, at best, unhelpful and distracting. If McManus files an amended pleading, the Court encourages him to focus on making nonconclusory factual allegations that state valid legal claims—and to minimize the inflammatory rhetoric.

The Court will also GRANT McManus's motion for leave to file supplemental authority. Dkt. 73. In the future, the parties do not need to move the Court to file a notice of supplemental authority.

Defendants' motion to dismiss says that McManus has filed a materially identical lawsuit in state court. Dkt. 62 at 11. On or before **November 16, 2026**, the parties should file a joint letter regarding the status of that action and whether it warrants either dismissing or staying this case. McManus can file an amended complaint on or before **December 10, 2026**. If McManus chooses not to amend by that date, the Court will enter judgment dismissing this action. The Clerk of Court is respectfully directed to close the motions at Dkts. 39, 45, and 73.

SO ORDERED.

Dated: November 10, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge